**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re: ) | |
| ) | |
| **ZACHARY R. BLAIR** ) | Case No. 19-35495-KLP |
| ) | Chapter 13 |
| ) | |
| **Debtor.** ) | |
| _____ ) | |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

COMES NOW, Woodlake Community Association, Inc. (hereinafter "Association"), a secured creditor, by counsel, and files this Objection to the Chapter 13 Plan of the Debtor dated October 31, 2019. In support of this Objection, the Association states as follows:

1.  Debtor is the owner of 5301 Chestnut Bluff Place, Midlothian, VA 23112 (hereafter, the "Property"). The Association avers that the Property is Debtor's principal residence.

2.  The Property is subject to the recorded "Declaration of Covenants, Conditions, and Restrictions" (hereinafter "Declaration") as recorded in Deed Book 2175, Page 036 among the land records of Prince William County, Virginia, and the Virginia Property Owners Association Act, § 55.1-1800 *et. seq.*, Code of Virginia (the "Act"). The Declaration and the Act were in effect when the Debtor filed her petition and still are in effect as of the date of the filing of this Objection.

3.  In accordance with Article V, Sections 1 and 2 of the Declaration, the Association has the authority to levy assessments against a lot owner subject to the Association's governing documents.

    4.       This same section and § 55.1-1833 of the Act state that the Association shall have a continuing lien on an owner's lot for unpaid assessments.

    5.       Debtor's pre-petition delinquency includes a debt of Three Thousand Eight Hundred Thirty-Three Dollars and Two Cents ($3,833.02) that is secured by judgment liens and assessment liens on the Property.

    6.       In her bankruptcy schedules, Debtor lists the secured debt owed to the Association at only $2,175.00, and Debtor's Plan only proposes to cure this lesser amount.

    7.       Accordingly, Debtor's Plan fails to fully cure the Association's secured claim and is therefore in violation of 11 U.S.C. §§ 1322(b)(2) and (5).

    8.       Additionally, this Plan's failure to fully cure the pre-petition arrearage owed to the Association which is secured by the Property demonstrates that the Plan is not feasible and therefore in violation of 11 U.S.C. § 1325(a)(6).

WHEREFORE Woodlake Community Association, Inc., a secured creditor by counsel, respectfully moves the Court to deny confirmation of the Debtor's Chapter 13 plan dated October 31, 2019, along with such other relief as the Court deems is necessary and proper.

Respectfully submitted this 7th day of November 2019,

**/s/ Jeremy C. Huang**
Jeremy C. Huang, VSB 76861
CHADWICK WASHINGTON MORIARTY
ELMORE & BUNN, P.C.
3201 Jermantown Rd., Suite 600
Fairfax, VA 22030
TEL: 703-352-1900 / FAX: 703-352-5293
jhuang@chadwickwashington.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of November 2019, a copy of the foregoing Objection to Confirmation and the Notice of Objection were served via the Court's ECF system upon the following persons:

Carl M. Bates
Chapter 13 Trustee
P.O. Box 1819
Richmond, VA 23218

Pia J. North
North Law
5913 Harbour Park Dr.
Midlothian, VA 23112
*Attorney for the Debtor*

**/s/ Jeremy C. Huang**
Jeremy C. Huang